———o———

5009.

(Court of Appeal, Parish of Orleans).

## FRANK ALVIS COMPANY vs. JOSEPH CATALANO.

Questions of fact only are involved.

Appeal from the Civil District Court, Division "E."

L. F. Andry, for plaintiff and appellee.

Humphries and Daly, for defendant and appellant.

GODCHAUX, J.—Plaintiff sues for the unpaid purchase price of certain cattle sold to defendant and the latter defends on the ground that the real purchaser and debtor was his son and not himself. The testimony is directly in conflict and the judgment of the lower court in favor of plaintiff is supported by the following written reasons:

> "The evidence of record, as appreciated by me after seeing and hearing the witnesses, leaves no doubt in my mind that plaintiff's real debtor is Joseph Catalano, the defendant. The account on plaintiff's books was in the name of defendant's son, Joseph, Jr., but that was in order to evade a rule of the Live Stock Exchange, of which plaintiff was a member, prohibiting the members of said exchange, under penalty of a fine, from extending credit to butchers appearing on what was known as the cash list. That was a list containing the names of all butchers who failed in the payment of their bills for purchases of live stock, and were considered bad customers. Defendant knew that he was upon the cash list, and that he could obtain credit from plaintiff only through a person interposed. He first used his wife's, and then his son's, name. He always selected the cattle himself and paid the price thereof, though charged to his wife or his son and he admits having selected the cattle in suit.

> "The rule of the Live Stock Exchange which was violated by plaintiff seems to have been more honored in the breach than in the observance. Besides, it was a rule adopted by the members of the exchange for their own protection, and defendant, who was not

"a party thereto, and who aided in its violation, cannot invoke it to free himself from his lawfully contracted debt to plaintiff."

The foregoing tersely states and correctly decides the issues presented and accordingly the judgment appealed from must be affirmed.

March 6, 1911.

————o————

5227.

(Court of Appeal, Parish of Orleans).